```
                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

CYNTHIA ROBBINS,                    )
                                    )
          Plaintiff                 )
                                    )
     v.                             )    Case No. 2:06 cv 116
                                    )
NCO FINANCIAL SYSTEMS, INC.,        )
NCO GROUP, INC., and CAPITAL        )
ONE BANK,                           )
                                    )
          Defendants                )
```

## OPINION AND ORDER

This matter is before the court on the Renewed Motion to Compel Responses to Plaintiff's First Set of Discovery Requests filed by the plaintiff, Cynthia Robbins, on September 27, 2006 (DE 69); the Motion to Compel Depositions filed by the plaintiff on October 24, 2006 (DE 77); the Unopposed Motion To Withdraw Portion of Her Renewed Motion to Compel Responses to Plaintiff's First Set of Discovery Requests filed by the plaintiff on November 11, 2006 (DE 79); and the Notice of Settlement and Motion To Stay Certain Claims (DE 80) filed by Robbins and defendant NCO Financial, on November 7, 2006. For the reasons set forth below, the plaintiff's Renewed Motion To Compel Responses (DE 69) is **GRANTED IN PART** and **DENIED IN PART**; plaintiff's Motion To Compel Depositions (DE 77) is **GRANTED IN PART** and **DENIED IN PART**; the parties' Motion to Stay (DE 86) is **GRANTED**; and the Unopposed Motion to Withdraw (DE 79) is **GRANTED.**

## Background

This discovery dispute arises from a five-count complaint filed by Cynthia Robbins, as a proposed class representative,

alleging violations of the Fair Debt Collection Practices Act by the defendants NCO Financial Systems, Inc. and Capital One Bank. 15 U.S.C. §1692 *et. seq*.

In Count I, Robbins alleged that Capital One and NCO violated the FDCPA based upon a form letter that stated, "If Capital One cancels or forgives a debt you owe of $600 or more, Capital One must provide a 1099-C for you. Generally, you must include the cancelled amount in your reported income. See instructions on your tax form."  In Count II, Robbins alleged that Capital One and NCO misstated the interest amount in one of two form letters. In Count III, Robbins alleged that Capital One issued a 1099-C Cancellation of Debt form which was false and deceptive because it misstated the amount of interest with respect to the cancelled debt. Count IV alleges that NCO violated the FDCPA by threatening to report debts that had been charged off more than seven years prior.

Count V, in which Robbins further alleged that Capital One alone violated Internal Revenue Code provisions, was dismissed on October 31, 2006. On November 7, 2006, Robbins and defendant NCO filed a "Notice of Settlement." This settlement in fact is a tentative agreement between the parties to settle Count I and to stay Counts II and IV, awaiting the outcome of a parallel class settlement pending in the Northern District of Illinois.  In this notice and motion to stay, the parties stated that "Count III is not affected by the tentative settlement," and requested that the court "stay this proceeding regarding Counts I, II and IV, until

2

after the Court in the [Northern District of Illinois] grants final approval of the proposed class action settlement." (Notice, November 7, 2006, p. 4) Capital One was not a party to this filing, but it offered no objection to a stay. In light of the further progress in the case pending in the Northern District of Illinois, the motion to stay counts I, II, and IV is **GRANTED**. *Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Company*, 203 F.3d 442, 445 (7th Cir. 2000)("When cases proceed in parallel, the first to reach judgment controls the other, through claim preclusion (res judicata)").

Robbins moved to certify six separate classes on July 24, 2006. The motion to certify is pending before the district court. Three of these classes regard only NCO and are subject to stay pending the outcome of the case in the Northern District of Illinois. With the remaining three classes defined by Robbins, she first seeks to certify a class consisting of all Indiana residents who were sent a letter that "lists as interest an amount less than the unpaid finance charges imposed on the account." Robbins also seeks certification of a class of Indiana residents to whom Capital One issued a 1099-C that lists interest as "$0.00," and lastly, a class of individuals, wherever located, who were issued a similar 1099-C.

With the motions before this court, Robbins seeks to compel responses to two matching sets of interrogatories and requests for production. In the first, Robbins seeks

3

>   the number and name and address of (a) natural persons with Indiana addresses (b) who were sent (by anyone) a letter . . . seeking to collect a credit card debt owned by Capital One Bank that (c) lists as "interest" an amount less than the unpaid finance charges imposed on the account, (d) which letter was sent during a period beginning March 30, 2005 and ending April 19, 2006.
>
>   Interrogatory #3

In Document Request #3, Robbins seeks "the complete file, including computer information" for individuals matching this same criteria. Robbins posed a similar set of requests in Interrogatory and Document Request #4, which required the same information regarding

>   all (a) natural persons with Indiana addresses (b) to whom defendant Capital One Bank issued a 1099-C (c) in connection with a credit card debt (d) that it had purchased from another after charge-off . . . (e) that lists as "interest" either zero, or an amount less than the unpaid finance charges imposed on the account (f) which form was sent during a period beginning March 30, 2005 and ending April 19, 2006.
>
>   Interrogatory #4

Finally, Robbins seeks to compel depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) of "the person at Capital One Bank . . . most familiar with why Capital One placed $0.00 in the interest field on 1099 forms;" "the person . . . responsible for compliance with the Tax Code as it pertains to sending 1099 forms;" "the person at Capital One Bank responsible for compliance with the FDCPA;" and "the person most familiar

4

with Capital One Bank's relationship with NCO." (Notice of 30(b)(6) Depositions, p. 1)

## Discussion

A party is entitled to conduct discovery on any matter that is "relevant to the claim or defenses of any party." Federal Rule of Civil Procedure 26(b)(1). Under the federal rules, relevancy in discovery includes information that may not be admissible, provided that "discovery appears reasonably calculated to lead to discovery of admissible evidence." Rule 26(b)(1); *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Following the amendments to Rule 26 which narrowed relevance from that which is related to the "subject matter" of the case to matters related particularly to "claims or defenses," relevance remains broadly construed. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003)("The change, while meaningful, is not dramatic, and broad discovery remains the norm.").

A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Federal Rules of Civil Procedure 37(a)(2)-(3). The court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996); *Patterson v. Avery Dennison Corporation*, 281 F.3d 676, 681 (7th Cir. 2002)("[T]he court should consider the totality of the

circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court.")(internal citations omitted).

Provided the information sought meets the standard of relevancy described in the federal rules, the "burden rests upon the objecting party to show why a particular discovery request is improper." **Kodish v. Oakbrook Terrace Fire Protection District**, 235 F.R.D. 447, 449-450 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. **Graham v. Casey's General Stores**, 206 F.R.D. 253, 254 (S.D. Ind. 2002). Discovery, however, is not limitless, "and these limits become more formidable as the showing of need decreases." **Rubin v. Islamic Republic of Iran**, 349 F.Supp.2d. 1108, 1111 (N.D. Ill. 2004)(*quoting* **Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130**, 657 F.2d 890, 904 (7th Cir. 1981).

Regarding the depositions noticed under Rule 30(b)(6), the record reveals repeated attempts and failures to schedule these depositions, leading to at least an inference that Capital One had logistical, not substantive, concerns with these depositions. However, Robbins' attempt to characterize this as a waiver, arguing that Capital One's failure to raise objections in the course of discussions with Robbins' counsel precludes them from doing so now, reaches too far. Neither the case or local rule cited by Robbins in support can be read to permit waiver under these circumstances. *See* **Hobley v. Burge**, 2003 WL 22682362 at *11 (N.D.

Ill. 2003); Local Rule 37.1.  Nevertheless, Capital One's substantive objections are insufficient to foreclose these depositions.

Robbins' claims against NCO either have been dismissed or stayed. The remaining count against Capital One regards a 1099 form sent by Capital One. Accordingly, to the extent Robbins seeks information of Capitol One's relationship with NCO, the information is not relevant, and the motion is **DENIED**.

Of the four remaining subjects identified in Robbins' notice of Rule 30(b)(6) depositions, each is sufficiently related under the discovery rules broad understanding of relevance to the claims or defenses raised in this case. Because Capitol One has asserted defenses grounded in its compliance efforts and its status as a debt collector under the FDCPA, this information is a relevant subject in discovery.

Capital One first asserts that, in light of the dismissal of Count V and the likelihood of settlement of Counts I, II and IV, only one count remains against Capital One which has rendered the deposition of Capital One representatives to become moot. They provide no argument, however, that explains why the relevant subject matter of this remaining pending count is not discoverable. This charge alleges that Capital One violated the FDCPA when it issued a 1099-C that listed interest as "either zero, or an amount less than the unpaid finance charges imposed on the account." (Complaint ¶ 69)  Capital One admits that it has sent such 1099 forms, but in its answer, asserts that any violations

of the FDCPA occurred in spite of procedures adapted to avoid violations, an affirmative defense contemplated under the Act, and that Capital One is not a debt collector as understood by the Act's terms. *See* 15 U.S.C.A. §1692k(c)(providing an affirmative defense to liability if "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."). Robbins' allegations and the defenses raised by Capital One are the proper subjects of discovery.

Capital One further objects that a deposition regarding compliance with the Act will require the company to designate lawyers as deponents and risk disclosure of privileged information. The Act itself and the defenses asserted by Capital One raise the issue of whether a company's actions fall within the FDCPA's affirmative defenses. The possibility that Capital One may have cause to raise the attorney-client privilege in addressing this subject is merely hypothetical at this stage. Further, the discovery rules impose a burden on Capital One to identify the party who can *accommodate* the discovery noticed for a Rule 30(b)(6) deposition. Capitol One may not raise a defense and then shield it from discovery on nothing more than hypothetical grounds. *See* **Hooker v. Norfolk Southern Railway Company,** 204 F.R.D. 124, 126 (S.D. Ind. 2001)("[The Rule] imposes a duty upon the named business entity to prepare its selected deponent to adequately testify not only on subject matters known by the

8

deponent, but also on subjects that the entity should reasonably know.").

Capital One also asserts that Robbins' notice of deposition violates the process for deposing a corporation described in Rule 30(b)(6). The rule requires that Robbins "describe with reasonable particularity the matters on which examination is requested." Rule 30(b)(6). Capital One's objection, that Robbins has reversed this process by taking it upon herself to dictate the type of deponents rather than the subject matter, elevates form over substance. For instance, the notice Robbins provided asked for "the person most familiar with why Capital One placed $0.00 in the interest field on 1099 forms" and submitted an example to illustrate. This request does not designate an individual. Instead, it identifies a subject on which Robbins seeks testimony. The fact that Robbins introduced the subject with the phrase "the person who," does not alter the conclusion that the notice reasonably identified the subject matter and left the decision regarding who is appropriate to testify on that subject with Capital One. *See* ***Hooker,*** 204 F.R.D. at 126 ("The effect of the rule is to place upon the business entity the burden of identifying witnesses who possess knowledge responsive to subjects requested in the Rule 30(b)(6) request.").

Finally, Capital One asserts a series of arguments based upon assumptions regarding the merits of the case that are misplaced in a discovery dispute. In fact, they go so far as to state that this court's decision should be based upon that notion

9

that the only remaining claim "is about to go away on summary judgment." This summary judgment motion currently is pending before the district court. The decision in this matter will not be based upon speculation regarding the outcome of that motion. Accordingly, Robbin's motion to compel depositions, with the exception of information regarding the relationship between NCO and Capital One, is **GRANTED.**

Robbins next seeks to compel responses to Interrogatories 3 and 4 and Requests for Production 3 and 4. Capital One's objection to these requests is based upon the breadth of the requests in light of the pre-certification posture of this class action.

The relevancy of information regarding putative class members generally is limited during the pre-certification stage by the plaintiff's need to fulfill the class certification requirements of Rule 23. *See* ***Parker v. Risk Management Alternatives, Inc.***, 206 F.R.D. 211, 214 (N.D. Ill. 2002); ***Morris v. Risk Management Alternatives, Inc.***, 203 F.R.D. 336, 341 (N.D. Ill. 2001). *See also* ***Palmer v. Stassinos***, 2005 WL3868003 at *4 (N.D. Cal. 2005)(finding that information about putative class members beyond their number may be relevant when such discovery "would lead to additional, discoverable evidence related to the class certification issues."). This standard of relevancy follows from the fact that certification of a class should be addressed early in the litigation, and when evaluating a motion for class certification, "the court accepts as true the allegations made in

10

support of certification, and does not examine the merits of the case." *Morris*, 203 F.R.D. at 340; Rule 23(c)(1)(A).

Capital One properly resists Robbins' request for the names, addresses, and "complete file, including computer information," of each putative class member. Robbins states that the information is necessary to "prove numerosity, notify the class . . . and prove the case at trial." Only the first of these reasons warrants discovery at this stage. Robbins' arguments to expand discovery do not place this matter within that group of cases in which further discovery is necessary to address certification requirements. She argues that the class may be so large as to require modification of the class definition. However, this argument is premature pending disclosure of what this number is. The balance of Robbins' arguments for expanding pre-certification discovery admittedly regard the post-certification merits of the case.

In fact, the record indicates that there is no dispute regarding the need for Capital One to disclose the number of individuals sent the form described in Robbins' requests. Nevertheless, Capital One has not produced this information, despite representing that it is "perfectly willing" to do so. Accordingly, Robbins' motion to compel responses to these discovery requests is **GRANTED** to the extent it reaches the number of putative class member and **DENIED** with respect to information beyond the number of class members.

11

Finally, Robbins seeks an award of fees in connection with its motion to compel responses to these discovery requests. This motion is **DENIED**. *See* Rule 37(a)(4)(C).

_____

For the foregoing reasons, the plaintiff's Renewed Motion To Compel Responses (DE 69) is **GRANTED IN PART** and **DENIED IN PART**; plaintiff's Motion To Compel Depositions (DE 77) is **GRANTED IN PART** and **DENIED IN PART**; the parties' Motion to Stay (DE 86) is **GRANTED**; and the Unopposed Motion to Withdraw (DE 79) is **GRANTED**.

ENTERED this 12th day of December, 2006

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge